## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| _____ ) <br> ) <br> **PENSION BENEFIT GUARANTY** ) <br> **CORPORATION, As Statutory Trustee of the** ) <br> **AAY LLC Defined Benefit Pension Plan,** ) <br> **445 12ᵗʰ Street, S.W.** ) <br> **Washington, D.C. 20024** ) <br> ) <br> **Plaintiff,** ) <br> **v.** ) <br> ) <br> **ASHLY A. YOUNG,** ) <br> **8321 East Rose Lane** ) <br> **Scottsdale, AZ 85250-5850** ) <br> ) <br> **Defendant.** ) <br> _____ ) | Civil Action No. _____ |

## COMPLAINT

### Summary of Action

1.      Plaintiff Pension Benefit Guaranty Corporation, as statutory trustee of the AAY

LLC Defined Benefit Plan ("PBGC"), brings this action on behalf of the AAY LLC Defined

Benefit Plan (the "Plan") under Title IV of the Employee Retirement Income Security Act of

1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2018 & Supp. III 2021), to recover

losses suffered by the Plan as a result of Defendant Ashly A. Young's violations of her fiduciary

duties under ERISA.  As described below, the Defendant breached her fiduciary duties under 29

U.S.C. § 1104(a)(1)(A), (B) by causing the Plan to transfer $12,309.95 from its bank account to

her, which was not in the sole interest of participants and beneficiaries and not a prudent use of

the Plan's assets.  In addition, the transfer was a prohibited transaction under 29 U.S.C. § 1106.

**Jurisdiction and Venue**

2.      This Court has jurisdiction over this action without regard to the amount in controversy, pursuant to 29 U.S.C. § 1303(e)(3).

3.      Venue in this district is proper under 29 U.S.C. 1303(e)(2) because the Defendant resides or may be found in this district.

4.      This action is timely under 29 U.S.C. § 1303(e)(6).

**Background**

**Parties**

5.      PBGC is a wholly owned United States Government corporation, and an agency of the United States, established under Title IV of ERISA to administer and enforce the nation's defined benefit pension plan termination insurance program.  29 U.S.C. § 1302(a).  Subject to statutory limits, PBGC guarantees the payment of benefits earned by participants in pension plans covered under Title IV.  29 U.S.C. § 1322.

6.      When a defined benefit pension plan covered under Title IV terminates with insufficient assets to pay all benefits to participants and beneficiaries, PBGC typically becomes statutory trustee of the plan and pays benefits up to the statutory limit.  *See* 29 U.S.C. §§ 1342(b)(1), 1361.  In that capacity, PBGC has the power to "collect for the plan any amounts due the plan," and to "commence, prosecute, or defend on behalf of the plan any suit or proceeding involving the plan."  29 U.S.C. § 1342(d)(1)(B)(ii), (iv).

7.      Defendant Ashly A. Young ("Defendant" or "Young") is a natural person residing in Scottsdale, Arizona.  At all relevant times, Young was a trustee of the Plan within the meaning of 29 U.S.C. § 1103(a), and thus she was a named fiduciary withing the meaning of 29 U.S.C. §1102(a).  In addition, Young exercised discretionary authority or discretionary control

respecting management or disposition of the Plan's assets and respecting the management of the Plan.  Accordingly, Young was a fiduciary with respect to the Plan as that term is defined at 29 U.S.C. § 1002(21) and a party-in-interest as that term is defined at 29 U.S.C. § 1002(14)(A).

## The Pension Plan

8.      The Plan was established by AAY LLC dba Chloe's Corner ("AAY") effective January 1, 2010, to provide pension benefits for certain of its employees.

9.      AAY owned a chain of full-service restaurants that are no longer in operation.

10.     Young was the sole member and the sole owner of AAY.

11.      Young is a participant in the Plan and is entitled to receive a monthly benefit under the Plan.  Young is not yet eligible to begin receiving her monthly Plan benefit.

12.     At all relevant times, the Plan was a defined benefit pension plan covered by Title IV of ERISA.

13.     The Plan was terminated and PBGC was appointed statutory trustee of the Plan, pursuant to a default judgment issued on September 16, 2020, by the United States District Court for the District of Arizona, case number CV-20-00652-SMB.  The judgment established July 31, 2016, as the Plan's termination date under 29 U.S.C. § 1348(a)(4).

14.     When the Plan terminated, the benefits payable to participants and beneficiaries exceeded the amount of the Plan's assets by $193,347.  PBGC will make up the shortfall and will pay benefits to the participants and beneficiaries, up to the statutory limits.

## Transfer From Plan Assets to Young

15.     On October 6, 2015, Young withdrew $12,309.95 from the Plan's account at Merrill Lynch.

3

16.    As of the Plan's termination date, Young owed $12,309.95 to the Plan because of the withdrawal.

**Count I: Violation of 29 U.S.C. § 1104(a)(1)(A) (Duty of Loyalty)**

17.    PBGC repeats and realleges each and every allegation contained in the preceding paragraphs.

18.    29 U.S.C. § 1104(a)(1) requires an ERISA fiduciary to discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and "(A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

19.    By causing the Plan to transfer assets to her, Young violated her duty under § 1104(a)(1)(A) to discharge her duties for the exclusive purpose of providing benefits to participants and their beneficiaries.

20.    As a result of Young's violations of 29 U.S.C. § 1104(a)(1)(A), the Plan suffered losses of at least $12,309.95 plus interest and/or opportunity costs.

21.    For her violations of 29 U.S.C. § 1104(a)(1)(A) Young is personally liable to the Plan under 29 U.S.C. § 1109 to make good all losses suffered by the Plan and to restore to the Plan any lost profits.

**Count II: Violation of 29 U.S.C. § 1104(a)(1)(B) (Duty of Prudence)**

22.    PBGC repeats and realleges each and every allegation contained in the preceding paragraphs.

23.    29 U.S.C. §1104(a)(1)(B) requires that an ERISA fiduciary discharge his duties with respect to a plan "with the care, skill, prudence, and diligence under the circumstances then

prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

24.     By causing the Plan to make the transfers from the Plan's bank account to her, Young did not prudently manage the Plan's assets.

25.     In addition, a pension plan trustee's duty to act with prudence and diligence includes taking appropriate action to collect receivables owed to the Plan.

26.     Young failed to take any action to seek repayment of the money that was transferred to her from the Plan.

27.     As a result of the Young's violations of 29 U.S.C. § 1104(a)(1)(B), the Plan suffered losses of at least $12,309.95 plus interest and/or opportunity costs.

28.     For her violations of 29 U.S.C. § 1104(a)(1)(B), Young is personally liable to the Plan under 29 U.S.C. § 1109 to make good all losses suffered by the Plan and to restore to the Plan any lost profits.

## Count III: Violation of 29 U.S.C. § 1106(b)(1)
### (Prohibited Transaction With Fiduciary)

29.     PBGC repeats and realleges each and every allegation contained in the preceding paragraphs.

30.     Under 29 U.S.C. § 1106(b)(1), a fiduciary with respect to a plan shall not "deal with the assets of the plan in his own interest or for his own account," except as provided in 29 U.S.C. § 1108.

31.     By withdrawing $12,309.95 from the Plan's bank account for her own use, Young dealt with the assets of the Plan in her own interest and for her own account.

32.     None of the exemptions to 29 U.S.C. § 1106 provided in 29 U.S.C. § 1108 are applicable.

33.    As a result of the Defendant's violations of 29 U.S.C. § 1106(b)(1), the Plan suffered losses of at least $12,309.95 plus interest.

34.    For her violations of 29 U.S.C. § 1106(b)(1), Young is personally liable to the Plan under 29 U.S.C. § 1109 to make good all losses suffered by the Plan.

## Prayer for Relief

**WHEREFORE**, as the statutory trustee of the Plan, PBGC respectfully requests that the Court enter judgment against Defendant Ashly A. Young and order that:

(1)    The Defendant restore the losses suffered by the Plan pursuant to 29 U.S.C. § 1109, as well as pre-judgment and post-judgement interest;

(2)    The Defendant restore to the Plan any profits the Defendant enjoyed through use of assets of the Plan, if any;

(3)    PBGC may offset benefits the Defendant is entitled to receive under the Plan against the amount this Court orders the Defendant to restore to the Plan, pursuant to 29 U.S.C. § 1056(d)(4)(A)(ii); and

(4)    PBGC is awarded all of its costs of litigation in this case pursuant to 29 U.S.C. § 1303(e)(5); and

(5)    Award any such other relief as may be just and proper.

DATED:  June 1, 2023                            Respectfully submitted,
            Washington, D.C.

                                                /s/ Mark R. Snyder
                                                KAREN L. MORRIS
                                                General Counsel
                                                DANIEL S. LIEBMAN
                                                Deputy General Counsel
                                                KENNETH J. COOPER
                                                Assistant General Counsel
                                                NICOLE C. HAGAN

Deputy Assistant General Counsel
Office of the General Counsel
MARK R. SNYDER
Attorney
**PENSION BENEFIT
GUARANTY CORPORATION**
445 12th St. S.W.
Washington, D.C.  20024-2101
(202) 229-3423
(202) 229-6092 (fax)
Emails: snyder.mark@pbgc.gov
        efile@pbgc.gov

*Attorneys for Pension Benefit
Guaranty Corporation*